IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDREW G. ASHBY,                    )
                                    )
                Petitioner,         )        Civil Action No. 2:20-cv-1316
                                    )
        v.                          )
                                    )        Magistrate Judge Patricia L. Dodge
ORLANDO HARPER, *et al.*,           )
                                    )
                Respondents.        )

## MEMORANDUM

Pending before the Court[1] is the petition for a writ of habeas corpus filed by state prisoner

Andrew G. Ashby ("Petitioner") pursuant to 28 U.S.C. § 2241. (ECF No. 6.) For the reasons set

forth below, the Court will deny the petition because it is moot and will deny a certificate of

appealability.

### I.    Relevant Background[2]

In 2010, Petitioner was charged in the Court of Common Pleas of Allegheny County (the

"trial court") with robbery and criminal conspiracy. That criminal case, which was docketed in the

state court at CP-02-CR-4697-2010, shall be referred to herein as "Case No. 1." Petitioner was

convicted of all charges. The trial court ultimately sentenced him to a term of four to eight years

of imprisonment on the robbery conviction, to be followed by three years of probation on the

conspiracy conviction.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] The following background is taken from information provided by Respondents in their Answers (ECF Nos. 12, 21), to which they attached the relevant parts of the state court record. The Court also takes judicial notice of the information available on the trial court's public docket sheets, which are available online at https://ujsportal.pacourts.us.

Petitioner was paroled in 2018. He absconded from supervision and was arrested in November 2019 and housed in the Allegheny County Jail. In December 2019, Petitioner was transferred to the Renewal Center and was under the Allegheny County Probation Office's supervision.

Petitioner violated the terms of his release and, therefore, on July 14, 2020 the trial court issued a bench warrant in Case No. 1 for his arrest due to a probation violation. (*See* Resp's Ex. 4, ECF No. 21-1 at p. 20.) Several days later, Petitioner committed new criminal offenses and was arrested on those charges. Specifically, on July 22, 2020, Petitioner was arrested and charged with aggravated assault, disarming a law enforcement officer, resisting arrest, and possession of marijuana. Those charges were filed with the trial court in a case docketed at CP-02-CR-6027-2020. That case shall be referred to herein as "Case No. 2." The trial court appointed Attorney Lisa Vogel Caulfield to represent Petitioner.

Petitioner's *Gagnon I*[3] hearing was held on August 3, 2020. His *Gagnon II* hearing was postponed until after the disposition of the criminal charges filed in Case No. 2. (ECF No. 21 at pp. 2-3.)

On December 14, 2020, Attorney Caulfield filed in Case No. 1 a motion requesting that the trial court transfer the detainer lodged against Petitioner at the Allegheny County Jail and direct that he be released to Justice Related Services. (Resp's Ex. 6, ECF No. 21-1 at pp. 29-32.) The

---

[3] A defendant is generally entitled to two separate hearings prior to revocation of parole or probation. *Gagnon v. Scarpelli*, 411 U.S. 778 (1973). The purpose of the first (*Gagnon I* ) hearing is to "ensure against detention on allegations of violation that have no foundation of probable cause." *Commonwealth v. Perry*, 385 A.2d 518, 520 (Pa. Super. Ct. 1978). The purpose of the second (*Gagnon II*) hearing is to determine whether facts exist to justify revocation of parole or probation. *Id.*

trial court denied that motion, explaining that Petitioner "is facing violent charges [in Case No. 2] and is a flight risk." (Resp's Ex. 7, ECF No. 21-1 at p. 33.)

In the meantime, in October 2020 Petitioner filed with this Court the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 6.) He is proceeding *pro se* and has been granted leave to proceed *in forma pauperis*. Petitioner claims that his detention at the Allegheny County Jail is unlawful because he believes that no individual or entity had the authority to lodge a detainer against him. He also argues that his *Gagnon I* hearing was procedurally inadequate.[4] (ECF No. 6 at pp. 3-5.) As relief, Petitioner seeks an order from this Court directing that he be released from the Allegheny County Jail and transferred to a halfway house. (*Id.* at p. 5.)

The Pennsylvania Board of Probation and Parole filed its answer to the petition on February 13, 2021. (ECF No. 12.) It explained that it did not issue the detainer that is the subject of this case and is not involved in the matters complained of in the petition. The two remaining respondents are the District Attorney of Allegheny County and Orlando Harper, who is the Warden of the Allegheny County Jail. They filed their answer to the petition on April 5, 2021. (ECF No. 21.) They describe Petitioner as a "pretrial detainee awaiting his *Gagnon II* hearing[,]" and assert that this Court should deny his habeas petition because he did not exhaust his available state court remedies and also because he did not establish that he is in custody in violation of constitutional rights.

---

[4] Petitioner also claims that the COVID-19 lockdown restrictions at the Allegheny County Jail violate his Eighth Amendment rights. (ECF No. 6 at p. 6.) This claim is not cognizable in a habeas action. *See, e.g.*, *Houck v. Moser*, No. 3:20-cv-255, 2021 WL 1840827, *1 (W.D. Pa. May 7, 2021) ("Even in the COVID-19 era, a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated in *Hope [v. Warden York County Prison*, 972 F.3d 310, 325 (3d Cir. 2020)[.]"; *see also Williams, et al. v. Sec'y Pennsylvania Dep't of Corr.*, 459 F. App'x 87, 88-89 (3d Cir. 2012) (citing *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002)); *Lopez v. Wetzel*, No. 12-cv-96, 2012 WL 345215, *1-5 (W.D. Pa. Feb. 1, 2012).

Petitioner did not file a reply or request another extension to file one. *See* Local Rule 2254.E.2 ("the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Answer.").

A review of the trial court's docket for Case No. 2 establishes that on April 13, 2021 Petitioner pleaded guilty to the offenses of aggravated assault, disarming a law enforcement officer, and resisting arrest.[5] On April 21, 2021, the trial court sentenced him to an aggregate sentence of twenty-one to forty-two months of imprisonment to be followed by a two-year term of probation.

## II.    Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g., Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing, *inter alia*, *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 441 (3d Cir. 1975) (citing *Peyton v. Rowe*, 391 U.S. 54, 50 (1967) and 28 U.S.C. § 2254). After a state prisoner has been convicted, sentenced, and has exhausted his remedies in the state courts, he may seek federal habeas relief pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to state prisoners "in custody pursuant to the judgment of a State court[.]" 28 U.S.C. § 2254(a).

While § 2254 applies to post-trial situations, the more general habeas corpus statute of 28 U.S.C. § 2241 does provide federal courts with jurisdiction to issue a writ of habeas corpus filed by a state pretrial detainee, but only in very limited circumstances. The United States Court of Appeals for the Third Circuit has warned that jurisdiction over a state prisoner's § 2241 pretrial

---

[5] The charge of possession of marijuana was withdrawn.

petition "must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46). Additionally, regardless of whether a state prisoner is proceeding under § 2241 or § 2254, and except in very rare circumstances that do not apply here, a petitioner must first exhaust his available state-court remedies before he may proceed with his claims in federal court. 28 U.S.C. § 2254(b), (c); *see, e.g., Breakiron v. Wetzel*, No. 2:14-cv-570, 2015 WL 451167, *7 (W.D. Pa. Feb. 3, 2015) (citing *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) and *Moore*, 515 F.2d at 441).

As set forth above, the District Attorney and Warden Harper argue in their answer that the Court should dismiss Petitioner's claims due to lack of exhaustion. However, certain developments after they filed their answer require this Court to first address whether the habeas petition is now moot as that affects this Court's jurisdiction. *See, e.g., Keitel*, 729 F.3d at 280. In this case, Petitioner is no longer a pretrial detainee. He is now in custody pursuant to the state-court judgment issued in Case No. 2 on April 21, 2021. Accordingly, Petitioner's request for federal habeas relief under § 2241 is moot and the Court will deny the petition for that reason. *See, e.g., Williams v. New Jersey,* No. 18-cv-14964, 2020 WL 3259223, at *2 (D.N.J. June 16,  2020) (state prisoner's guilty plea moots his § 2241 habeas petition challenging pretrial detention); *Jones v. Mullen,* No  17-cv-1366, 2017 WL 7691900, at *2 (W.D. Pa. Dec. 8, 2017) ("where a habeas petitioner is challenging pretrial custody, after the petitioner is convicted, the habeas petition challenging the pretrial custody is rendered moot by the conviction."), report and recommendation adopted by, 2018 WL 889027 (W.D. Pa. Feb. 14, 2018).

Because jurists of reason would not find it debatable whether Petitioner's § 2241 petition should be denied as moot, a certificate of appealability is denied with respect to all claims. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.

Date: June 1 , 2021

/s/ Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

6